## Court of Appeals.

April 14, 1896.

## PEOPLE v. LOUIS P. HERRMANN.

1. SUPREME COURT—ASSIGNMENT OF JUSTICE.

The provision of the constitution and section 232 of the Code limit the justices of the appellate division to appointing to duty the justices of the department in which the appellate division is located, and do not apply to the appointment of a justice of another department.

2. SAME.

Supreme court justice, who is not a member of the appellate division of the supreme court, may hold court in any county of the state.

3. SAME.

Such justice, if he accepts an assignment by the appellate division, is authorized by the constitution to hold a criminal term of the supreme court.

Appeal from a judgment convicting defendant of murder in the first degree.

Thomas Garrett Fennell, for appellant.

John D. Lindsay, for respondent.

BARTLETT, J.—The learned counsel for the defendant practically conceded, on the argument, that the disposal of the point challenging the jurisdiction of the court, presented by the motion in arrest of judgment, would be decisive of this appeal. We have, however, examined the evidence and the charge of the trial judge with care, and find no valid exception. The evidence as

to the purchase of the revolver was competent. It is unnecessary to go over the facts. No defense was established.

The objection to the jurisdiction is based upon the following facts: On the 25th day of November, 1895, the appellate division of the First department made certain assignments of justices to hold court for the year 1896. These assignments included special terms for the hearing of motions and ex parte business, special terms for equity cases and enumerated business, and criminal terms for the hearing of criminal cases. Among the designations for the latter purpose was a criminal term, to be held on the first Monday of February, to which no justice was assigned, and later, and before the opening of that term, the justices of the appellate division assigned the Honorable Martin J. Keogh to hold the same. This assignment reads as follows:

"The justices of the appellate division of the supreme court in the First department, under the authority conferred upon them by the second section of the sixth article of the constitution, and in accordance with the provisions of section 232 of the Code of Civil Procedure, do hereby assign the Honorable Martin J. Keogh, one of the justices of the supreme court, to hold trial term, part 1, of the supreme court, in the First judicial district (for the trial of criminal causes), for the term commencing on the first Monday of February, 1896. C. H. Van Brunt, Geo. C. Barrett, P. C. Williams, Morgan J. O'Brien, Edward Patterson, Geo. L. Ingraham."

Counsel for defendant, when moving in arrest of judgment, stated, among other grounds, the following: "Neither this court, nor your honor, now has, or ever did have, jurisdiction either of the person of this defendant or of the subject-matter of this indictment, for the reason that the assignment of your honor to sit and hold this court, by the appellate division of the First department, is illegal, invalid, and without authority in law." Mr. Justice Keogh is not a justice in the First department, and the sole question presented is whether he was authorized to hold the term of court at which the defendant was tried, convicted, and sentenced. The written appointment of Mr. Justice Keogh recites that it is made under the authority conferred by the second section of the sixth article of the constitution and in accordance

with the provisions of section 232 of the Code of Civil Procedure. The constitutional provision referred to reads as follows: "The justices of the appellate division in each department shall have power to fix the times and places for holding special and trial terms therein and to assign the justices in the departments to hold such terms; or to make rules therefor." The material portions of section 232 of the Code of Civil Procedure are as follows: "The justices of the appellate division in each department may fix the times and places for holding special and trial terms therein, and assign the justices of the departments to hold such terms, or make rules therefor. If said justices of the appellate division in any department shall not have fixed the times and places for holding said special and trial terms, or shall not have assigned the justices to hold such terms, or shall not have made rules therefor, before the first day of December, in the year eighteen hundred and ninety-five, and in every second year thereafter, the justices of the supreme court for such judicial department, or a majority of them not designated as justices of the appellate division, must, between the first and fifteenth days of December in each of said years, appoint the times and places for holding the trial and special terms of the supreme court within their department, for two years from the first day of January of the year next following; if for any reason, such appointment is not made before the expiration of the time so specified, it must be made at the earliest convenient time thereafter." (See Laws 1895, p. 880, c. 946, sec. 4, as to present reading of this section.)

The provision of the constitution and the section of the Code just quoted obviously limit the justices of the appellate division to appointing to duty the justices of the department in which the appellate division is located, and do not, in terms, cover the particular case now under consideration. This limitation is recognized by the Code of Civil Procedure (section 237.) It is not to be presumed that the framers of the constitution intended to invest each appellate division with the power to assign justices of the supreme court from any part of the state to perform duty in the particular department where it is located. Such a construction would tend to subvert our entire judicial system. We find, however, that the constitution (article 6, sec. 6) reads as follows:

"Circuit courts and courts of oyer and terminer are abolished from and after the last day of December, one thousand eight hundred and ninety-five. All their jurisdiction shall thereupon be vested in the supreme court, and all actions and proceedings then pending in such courts shall be transferred to the supreme court for hearing and determination. Any justice of the supreme court, except as otherwise provided in this article, may hold in any county." It will be observed that the constitution provides, in general terms, that any justice of the supreme court, "except as otherwise provided in this article," may hold court in any county. Upon an examination of the article in question, to ascertain what limitation is imposed upon this general power by the words "except as otherwise provided," it appears that section two thereof reads as follows: "No justice of the appellate division shall exercise any of the powers of a justice of the supreme court other than those of a justice out of court, and those pertaining to the appellate division, or to the hearing and decision of motions submitted by consent of counsel."

As Mr. Justice Keogh is not a member of an appellate division of the supreme court, we are of the opinion that this provision of the constitution applies to him without limitation, and that he may hold court in any county of the state. (See, also, section 235, Code Civ. Proc.) It therefore follows that, while the written assignment of Mr. Justice Keogh by the justices of the appellate division of the first department can not be regarded as made under the provisions of the constitution and the Code therein referred to, yet it may be treated as a very proper invitation, on the part of the learned judges signing it addressed to Mr. Justice Keogh, asking him to hold the February criminal term in the city of New York. It was doubtless an invitation which Mr. Justice Keogh was at liberty to have declined had he seen fit to do so, but, having accepted it, he was authorized by the constitution (article 6, section 6) to hold the term of court in question. This leads to the conclusion that the criminal term at which the defendant was tried, convicted, and sentence was legally constituted, and the judgment appealed from must be affirmed.

The judgment appealed from should be affirmed, and the record remitted to the supreme court to carry out the sentence.

All concur. Judgment affirmed.