## SUPREME COURT—APPELLATE DIVISION— FIRST DEPARTMENT.

### October 15, 1920.

## THE PEOPLE EX REL. ATTY.-GENL. v. SPECIAL TERM, PART 1 ET AL.

(193 App. Div. 463.)

(1) PROHIBITION—WHEN MAY ISSUE.

A writ of prohibition may be issued only against a court or other tribunal possessing judicial powers when it is without jurisdiction or is proceeding or threatening to proceed in excess of its jurisdiction.

(2) SAME—JURISDICTION OF SPECIAL TERM TO SET ASIDE INDICTMENT FOUND AT EXTRAORDINARY TRIAL TERM WHEN LATTER IS IN RECESS.

A Special Term of the Supreme Court in the First Judicial District has jurisdiction to entertain a motion to set aside an indictment which was presented against the defendants at an Extraordinary Trial Term.

(3) SAME.

*It seems,* that while the jurisdiction in such cases is not confined to the particular part or term of the Supreme Court in which the indictment is found or has been transferred, it is not optional whether to move there or elsewhere, for manifestly if the part or term of the court in which indictments have been found, or to which they have been transferred, were in session, it would tend to bring the administration of justice into disrepute and would seriously interfere with the orderly administration of judicial work for another part or term of the court to entertain jurisdiction in such cases.

(4) SAME—NO APPEAL FROM DETERMINATION OF SPECIAL TERM.

But since the Extraordinary Trial Term was not in session at the time the motion was made to the Special Term it was a matter addressed to the sound discretion of the justice presiding at the Special Term, whether the motion should be entertained, and over his determination thereon the Appellate Division has no supervision by appeal or otherwise.

APPLICATION by the relator, Charles E. Newton, for an alternative writ of prohibition to restrain Special Term, Part 1, of the Supreme Court in and for the county of New York, and the justice presiding thereat and each of the defendants from taking any further proceedings with respect to a motion

made by the defendants, Charles F. Murphy and others, for
the dismissal of a joint indictment charging them with the
crime of conspiracy presented against them on the 22d day of
June, 1920, at an Extraordinary Trial Term of the Supreme
Court, presided over by Mr. Justice Weeks.

The petition of the relator shows that the Extraordinary
Trial Term of the Supreme Court was duly appointed by the
Governor to convene on the 11th day of August, 1919; that
the Governor duly designated Mr. Justice Weeks to preside
thereat, and that pursuant to the order of the state executive,
a grand jury to serve at said term was duly drawn; that the
Governor duly required the Attorney-General to attend in per-
son or by deputy to manage and conduct before the court and
the grand jury certain proceedings specified in the order of
the executive and that the Attorney-General duly appointed
William Rand as Special Deputy Attorney-General for those
purposes; that the day after the indictment was filed, a plea
of not guilty was interposed for each of the defendants and
leave was given to them to withdraw their plea and to move
or demur as they might be advised on or before the fourth day
of October; that on the twenty-ninth day of June the court
took a recess until the fourth of October, at which time it would
convene again; that no further step or proceeding, except an
application to the same Special Term on the 21st of July, 1920,
for an inspection of the minutes of the grand jury and for a
copy thereof which was granted, was taken by any of the de-
fendants until the 7th of September, 1920, when the indicted
defendants gave notice of a motion returnable on the thirteenth
of that month at Special Term, Part 1, at which Mr. Justice
Wagner was presiding, to set aside the indictments and the
grounds upon which it was made were: (1) that it was found
without warrant of law; (2) that there was no sufficient legal
evidence before the grand jury to support it; (3) that illegal
and incompetent evidence of a grossly prejudicial character
was submitted to and heard by the grand jury and constitutes

the basis for the indictment; (4) that the grand jury was without jurisdiction to entertain the charge; (5) that a person not within the class mentioned in sections 262-264 of the Code of Criminal Procedure was permitted to be present at a session of the grand jury while the charge embraced in the indictment was under consideration; and (6) that their constitutional rights were invaded by the finding of the indictment without proper or sufficient legal evidence to support it and through the admission of illegal and incompetent evidence of a grossly prejudicial character; that on the return of the motion, the petitioner duly objected to the power, jurisdiction and authority of the Special Term, to hear the same and requested the court to dismiss the motion without prejudice to the right of the indicted defendants to renew same before the Extraordinary Term and duly presented and filed an affidavit setting forth the objections, but that over the petitioner's protest and objection, the court heard and took the motion under advisement for a decision on the merits and still retains the same for that purpose; that Mr. Justice Wagner has not been designated to preside at any Extraordinary Trial Term or at any Criminal Term and is without power or jurisdiction to decide the motion, and if the decision shall be adverse to the People and the court directs the dismissal of the indictment, no appeal will lie from the order and the People will be irremediably prejudiced thereby; and the petitioner prays that an alternative writ of prohibition be issued commanding Special Term, Part 1, and the justice presiding thereat and the indicted defendants to desist and refrain from any further proceedings except to deny the application or to refer the same to the Extraordinary Trial Term.  In opposition to the application for the alternative writ two affidavits and a copy of the indictment were read in behalf of the defendants.  The affidavits, which were uncontroverted, show that when the indictment was found the defendant Murphy was in San Francisco attending the Democratic National Convention and the defendant Baldwin was in Europe; that

on the 29th day of June, 1920, the time of the indicted defendants to change their pleas or otherwise move would expire, and they asked for only two weeks further time, but that the justice presiding at the Extraordinary Trial Term announced that he was to sail for Europe on the tenth of July, and that it would be impossible for him to rearrange his plans so that he could dispose of the matter in two weeks from June twenty-ninth, and announced that the court would be in recess until the fourth of October, and that the time would be extended until that date, whereupon one of the attorneys for the defendants said: "It is understood, however, if your honor please, so that we may have it plain and explicit if the defendants desire to take the matter up prior to that time, that they have the right to do so." The court replied: "I understand the defendants have the right at any time before the 4th of October to serve motion papers; whether they can bring that motion on before the 4th of October, I am not prepared to state." That on the 16th of July, 1920, a notice of the motion for the inspection of the minutes of the grand jury was served returnable July twenty-first, at which time the Attorney-General objected to the jurisdiction of the court and Mr. Justice Lydon, who presided, took the motion under advisement and required the submission of briefs and on the 3d of August, 1920, filed an opinion granting the motion; that the Attorney-General appealed from the order and obtained a stay from one of the justices of this court pending the appeal, which, on argument, was vacated on August sixteenth, but that a copy of the minutes was not furnished to the indicted defendants until the first of September, and the notice of motion for the dismissal of the indictments was served on the seventh of September; that on September 15, 1920, when the Special Term overruled objections to the jurisdiction, the relator, on an informal notice to the attorneys of the indicted defendants, applied to a justice of this court for a stay of the hearing at Special Term on the motion to dismiss the indictment pending

an application to this court for an alternative writ of prohibition, and the justice of this court of whom the application was made having suggested that the request for a stay should be made at Special Term, the attorneys entered into a stipulation under which the motion to dismiss was submitted to the Special Term on an agreement that no order would be entered pending a decision of the application of the Attorney-General to this court for an alternative writ. Those affidavits further show that there are precedents for the exercise of such jurisdiction by the Special Term in that on the 11th of February, 1920, an application made to the Extraordinary Term of the Supreme Court for the dismissal of an indictment was referred to the justice presiding at Special Term, Part 1, where the motion was heard and granted, and on the 11th of May, 1920, a like application was made by an indicted defendant at Special Term, Part 1, where it was heard with the consent of the district attorney and granted, and on the 6th of May, 1920, a like application by an indicted defendant was made at Special Term, Part 1, another justice presiding, and heard with the consent of the district attorney and granted, and on the fourteenth of May a like application was heard at Special Term, Part 1, without the consent of the district attorney and granted, and that none of said justices so entertaining jurisdiction at Special Term were then or theretofore had been holding the Trial Term at which the indictments were presented. These are the only material facts presented in favor of or in opposition to the motion and they are uncontroverted.

*Howard S. Gans* (*William Rand* with him on the brief), for the relator.

*William M. K. Olcott,* for the defendant Murphy.

*Martin Conboy,* for the defendant Baldwin.

*Frank H. Hall,* for the defendant Walden.

*Phillip J. Britt,* for the defendant McCarthy.

*George W. Schurman,* for the defendant Corn Products Refining Company

*George Z. Medalie,* for the defendant Smith.

LAUGHLIN, J.:

Special Term, Part 1, at which the motion was made, was duly appointed to be held at that time and place by the justices of this court, and the justice presiding thereat was duly assigned to hold it, but that would be immaterial since he was a justice of the Supreme Court. (State Const. art. 6, § 6; People v. Herrmann, 149 N. Y. 190; People v. Pustolka, Id. 570.) The application for the alternative writ of prohibition presents but a single point which is one of law as to whether the Special Term had jurisdiction to entertain the motion for the dismissal of the indictment, it being now well settled in this jurisdiction that a writ of prohibition may only be issued against a court or other tribunal possessing judicial powers where it is *without jurisdiction* or is proceeding or threatening to proceed *in excess of its jurisdiction.* (Thomson v. Tracy, 60 N. Y. 31; People ex rel. Childs v. Extraordinary Trial Term, 228 id. 463; People ex rel. Patrick v. Fitzgerald, 73 App. Div. 339; People ex rel. Mayor v. Nichols, 79 N. Y. 582.) The People have no right of appeal from an order dismissing an indictment regardless of whether the order is made by a court with or without jurisdiction; and the motion if made at the Extraordinary Trial Term or at Trial Term, Part 1, appointed for the trial of criminal causes, either of which it is conceded would have jurisdiction, would be heard and decided by a single justice of the Supreme Court possessing no greater power or authority than the justice against whom the writ is asked unless

it arise from the mere fact of his sitting in a particular part of the Supreme Court. The Constitution adopted in 1894 by article 6, section 6, abolished Circuit Courts and Courts of Oyer and Terminer and vested all their jurisdiction in the Supreme Court from and after the 31st day of December, 1895, and section 1 of said article continued the Supreme Court with general jurisdiction both in law and equity. We need not trace the origin or history of Courts of Oyer and Terminer or consider the manner in which their jurisdiction had been extended and was exercised at that time. It is sufficient to say that then and theretofore the justices of the Supreme Court exercised criminal jurisdiction by presiding at Courts of Oyer and Terminer. See Laws of 1823, chap. 182, § 9; 2 R. S. 207, §§ 40, 42; Const. 1846, art. 6, § 6; Const. 1846, art. 6, § 7, as amd. in 1869. See Quimbo Appo v. People, 20 N. Y. 531, 546.) The Constitution of 1894, by article 6, section 2, contemplated the division of the work of the Supreme Court between Special and Trial Terms and authorized the Appellate Division in each department to fix the times and places for holding such terms. In amending the section in 1905 the words " and Trial " were omitted from the phrase " Special and Trial Terms," but that was not the object of the amendment and was doubtless inadvertent. After the adoption of the Constitution of 1894, the Legislature, by section 15 of chapter 553 of the Laws of 1895, provided, in conformity with the Constitution, that the justices of the Appellate Division in the First Department should, on or before the first day of December in each year, fix a time and place for holding Special and Trial Terms of the Supreme Court in the First Judicial District and assign justices to hold the same and should from time to time make such rules as they might deem necessary to regulate the sittings of said various terms. Substantially the same provision was made by chapters 376 and 946 of the Laws of 1895, which amended section 232 of the Code of Civil Procedure. (See also, Laws of 1895, chap. 946, §§ 4,

5; Laws of 1904, chap. 500, amdg. Code Civ. Proc. § 232.) That provision was continued in section 84 of the Judiciary Law. It is important to bear in mind that when the Constitution abolished Courts of Oyer and Terminer, the criminal jurisdiction which they theretofore exercised was conferred upon the Supreme Court generally, and not upon any part, term or branch thereof. Neither by the Constitution nor by statute, nor by the General Rules of Practice, has a *Criminal Term* or branch of the Supreme Court been created or recognized and the only reference thereto is in rule 4 of the Trial Term Rules of the First Judicial District, adopted by the justices of the Appellate Division in the First Department pursuant to the provisions of section 232 of the Code of Civil Procedure, enacted in 1895, and section 84 of the Judiciary Law, designating the terms and regulating the sittings of the various parts of the Supreme Court by which twenty Trial Terms, to be known as Parts 1 to 20, inclusive, are provided for, and designating Part 1 as the Criminal Term. This rule and this distribution of the judicial work were made for the purpose of apportioning it with approximate equality between the justices and for the orderly dispatch thereof. Without any rule dividing the work and regulating the procedure there would be the utmost confusion and conflicting exercise of jurisdiction. Section 11 of the Code of Criminal Procedure enumerates, as one of the courts having original jurisdiction of criminal actions, " The Supreme Court," and section 22 defines the jurisdiction of " The Supreme Court." Neither section contains any reference to a Criminal Term or branch of the court. By said section 22 the " Supreme Court " is authorized to bail any person committed, before or after an indictment is found upon any criminal charge whatever, and to exercise the powers conferred upon it by any provision of the Code of Criminal Procedure or by special statute. The other provisions in the Code of Criminal Procedure, so far as we have found or our attention has been drawn thereto, refer generally to the *court,* excepting sections

346 and 529, which provide that motions for a change of venue *must* and motions for a certificate of reasonable doubt *may* be made at Special Term.    Section 296 provides that the defendant must be arraigned on indictment before the court in which it is found or before the court to which it is sent or removed, and section 312 provides that the defendant in answering to the indictment may either move the court to set it aside or may demur or plead thereto.    The defendants having obtained an inspection of the minutes it is not claimed that they are not entitled to the remedy sought by the motion.    The only point urged is that the motion should have been made at the Extraordinary Trial Term or Trial Term, Part 1, which were appointed for criminal business.    No rule has been adopted by a convention of the justices of the Appellate Division, or by the justices of this Appellate Division, confining the making of such a motion or application to Part 1 of the Trial Term, or to the branch of the court in which the indictment was found, and, consequently, the making of the motion at the Special Term was not even a violation of any rule of the court.    In the case of People ex rel. Martin v. Brady (168 App. Div. 108) this court denied the application for a writ of prohibition to restrain Mr. Justice Brady, presiding at the Special Term of the Supreme Court in the county of Bronx, from entertaining a motion, made by the defendant indicted at the Trial Term of the court, for the inspection of the minutes of the grand jury, for the purpose of moving thereon for a dismissal of the indictment.    The opinion of the court does not discuss the point as to whether the motion should have been made at the Trial Term, but it holds generally that the justice holding the Special Term, and who had announced his intention of granting the motion by a Special Term order, was within his jurisdiction, and, therefore, the decision is authority for the contention that such motions may be made and entertained at Special Term. In People ex rel. Mayor v. Nichols (79 N. Y. 582) the Court of Appeals, in deciding the jurisdiction of the Special Term

35

and discussing the effect of rules for the distribution of work between the different terms of the court and in unanimously holding that a writ of prohibition was erroneously issued against the Special Term of Supreme Court, said: "It is provided by the Constitution that the court itself shall have general jurisdiction in law and equity. It follows that its jurisdiction can be limited neither by the Legislature nor by any power conferred by it upon the court itself (De Hart v. Hatch, 3 Hun, 375). Its functions are to be exercised by its judges, sitting in General Terms, or at the Circuit, or Oyer and Terminer, or Special Terms. * * * Some of the terms thus appointed are designated by the justices as 'Special Terms for equity cases and enumerated motions,' and others as 'Special Terms for non-enumerated motions and chamber business,' and, while it cannot be doubted that for the due and orderly conduct of litigation and causes, certain steps and proceedings therein may, under the direction of the judges, be required to be taken at specified terms, yet any such regulation must be subject to the control of the justice who is assigned to hold them. If otherwise the power of the judge would be limited, public interests sometimes put in jeopardy and the rights of citizens infringed. The case before us illustrates this position."

The opinions of the court in Mussen v. Ausable Granite Works (63 Hun, 367) and of Mr. Justice Benedict in Matter of Public Service Comm. v. Brooklyn Heights R. R. Co. (105 Misc. Rep. 254) are to the same effect. We have no doubt in the circumstances it would be entirely competent for the justices of this court to adopt a rule providing that motions to dismiss indictments, and for the hearing of demurrers to indictments should be heard at Special Term, for the jurisdiction is vested in the Supreme Court generally, and it is for us to make rules for the proper distribution and expedition of the judicial work. The rules, however, that have been adopted prescribing the motions and applications that are to be made to the different parts of the court were not intended to embrace motions or applica-

tions in criminal actions.  It has been, as contended by the
learned counsel for the relator, the uniform practice to make
applications and motions for the dismissal of indictments be-
fore the term or part of the court in which they are found or
to which they have been transferred; and it appears that, with
but one exception, that custom has only been departed from
in exceptional cases where the part of the court in which the
indictments have been found or are pending has directed that
they be heard elsewhere, or the district attorney has consented
thereto, and those departures were not brought to the attention
of the justices of the Appellate Division and no necessity for
making a rule on the subject has arisen.  Although we deem
it quite clear that the jurisdiction in such cases is not confined
to the particular part or term of the court in which an indict-
ment is found or has been transferred, we do not wish to be
understood as holding that, therefore, it is optional whether
to move there or elsewhere, for manifestly if the part or term
of the court in which indictments have been found or to which
they have been transferred were in session, it would tend to
bring the administration of justice into disrepute and would
seriously interfere with the orderly administration of judicial
work for another part or term of the court to entertain jurisdic-
tion in such cases; but since the Extraordinary Term was not in
session it was a matter addressed to the sound discretion of the
justice presiding at Special Term, Part 1, whether, in view of
all the circumstances, including the effect on the defendants
of the pendency of the indictments against them for the period
during which the part of the court in which the indictments
were found would probably be in recess, the motion should be
entertained, and over his determination thereon this court has
no supervision by appeal or otherwise.  The observations we
have made after deciding that the Special Term had jurisdic-
tion are only intended to make it clear that it is important that
the rules and existing practice should be adhered to, save in an
exceptional case where an injustice to an indicted defendant

calls for immediate relief, and the part or term of the court in which an indictment has been found is not in session at the time the motion is made, which was the situation in the case at bar.

It follows that the motion for an alternative writ of prohibition should be denied.

CLARK, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Motion denied.    Settle order on notice.