LOUIS H. VOGEL, JR., as Administrator, etc., of ELIZABETH F. VOGEL, Deceased, Respondent, v. GEORGE MULHOLLAND, SR., Appellant. LOUIS H. VOGEL, Respondent, v. GEORGE MULHOLLAND, SR., Appellant. GERTRUDE M. VOGEL, Respondent, v. GEORGE MULHOLLAND, SR., Appellant.— Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to consolidate actions denied, with ten dollars costs. The papers on appeal do not show that notice of the motion was served upon the attorneys for Gertrude M. Vogel in the actions in which she is defendant. The trial at the same time of five actions in each of which different questions will arise is not calculated to bring about a just result. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

*Decision by the Presiding Justice on Application to Appeal from the Appellate Term.*

PATRICK J. RING, Respondent, v. JOHN COTTER, Appellant.— Application denied, with ten dollars costs.

---

## SECOND DEPARTMENT, AUGUST, 1923.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL SHERMAN, Attorney-General of the State of New York, Plaintiff, v. ADJOURNED SPECIAL TERM OF ORANGE COUNTY, Honorable A. H. F. SEEGER and WALTER S. WARD, Defendants.— Motion for prohibition order denied. The Extraordinary Special and Trial Terms of the Supreme Court convened by the Governor of the State are merely additional to those terms of the court already designated to be held under the provisions of the Judiciary article of the Constitution.* The Extraordinary Terms created under the Judiciary Law† do not exclude the Special and Trial Terms created by the Constitution from exercising jurisdiction already delegated to such terms. (*People ex rel. Newton v. Special Term, Part I,* 193 App. Div. 463.) The court is of the unanimous opinion that the motion to inspect the minutes of the grand jury could be made at any Special Term in the Ninth Judicial District, or at the Extraordinary Term. The majority of the court is of the opinion that an adjourned Special Term may consider new business first noticed before such adjourned term. (Judiciary Law, §§ 7, 148.)‡ Kelly, P. J., Jaycox and Kelby, JJ., concur; Rich, J., dissents and votes to grant the motion on the ground that the court at an adjourned term is without jurisdiction to determine any original contested motion not before it at the time of adjournment, with whom Kapper, J., concurs.

WILLIAM T. SCOVIL and Another, Appellants, v. AWERMAN ELECTRIC COMPANY, INC., Respondent. AWERMAN ELECTRIC COMPANY, INC., Respondent, v. WILLIAM T. SCOVIL and Another, Appellants.— Motion for modification of order of County Court of Queens county denied, without costs. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

---

* See Const. art. 6, § 2; Judiciary Law, §§ 84, 150.— [REP.

† See § 153.— [REP.

‡ See Laws of 1921, chap. 123, amdg. said § 148.— [REP.