THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RUFUS P. ELEFANTE and DENNIS P. O'DOWD, Defendants.

Supreme Court, Special Term, Oneida County, August 5, 1949.

*Maurice Supiro* for defendants.

*Nathaniel L. Goldstein, Attorney-General (Frank G. Pratt* of counsel), for plaintiff.

MALPASS, J.  A motion has been made by Rufus P. Elefante and Dennis P. O'Dowd for an order setting aside an indictment returned against them charging crimes in violation of sections 580, 768, 850 and 754 of the Penal Law.

The indictment was returned by a grand jury serving in connection with an Extraordinary, Special and Trial Term of the Supreme Court appointed by the Governor to be held in the county of Oneida in February, 1949.  Originally, the Extraordinary Term was appointed to inquire into violations of the provisions of the Election Law and the provisions of the Penal Law relating to the elective franchise.  On May 3, 1949, a supplemental order was issued by the Governor extending the inquiry to violations of law by any public officials of Oneida County or any subdivision of said county and violations of law by any person or corporation having business, relations or transactions with the County of Oneida or any subdivision of Oneida County or with any official, officer, agent or employer thereof.

A careful examination of the affidavits which have been submitted to me upon this motion reveals no facts which would justify a conclusion that there was any irregularity in the appointment of the Extraordinary Special and Trial Term at which this indictment was returned.  This motion was brought on by an order to show cause made returnable at a Special Motion Term held in the county of Onondaga on July 25, 1949.  Therefore, the question is squarely presented as to whether a motion to set aside an indictment returned by a grand jury serving in a regularly constituted term of Supreme Court should be entertained and decided by the Justice sitting in another term of the court.

An extraordinary term of the Supreme Court is merely an additional term of the court. In *Matter of Reynolds* v. *Cropsey* (241 N. Y. 389, 395) the court said: " The extraordinary term called by the Governor is nothing more or less than an additional term of court appointed for the time and place, to be held by the justice designated. It may be called to dispose of specified cases or as in this case to transact such business as may be brought before it. The term thus fixed and held is to be conducted in accordance with the rules of law governing all other terms of court with the exception of the designation of the judge." The petitioners assert that a Special Motion Term has jurisdiction to entertain such a motion as has been made by these defendants and this contention is supported by judicial decision. In *People ex rel Sherman* v. *Adjourned Special Term of Orange County* (206 App. Div. 799) the court said: " The Extraordinary Special and Trial Terms of the Supreme Court convened by the Governor of the State are merely additional to those terms of the court already designated to be held under the provisions of the Judiciary article of the Constitution. The Extraordinary Terms created under the Judiciary Law do not exclude the Special and Trial Terms created by the Constitution from exercising jurisdiction already delegated to such terms."

In the case of *Mussen* v. *Ausable Granite Works* (63 Hun 367, 369) the court said: " The suitor also has rights under this section of the Constitution that cannot be taken away from him. He has a right to go into the Supreme Court anywhere for relief. To apply to the court, not to a particular member or territorial division of it. He cannot by legislative enactment be compelled to go before a particular member of it or to a specific county, although the court in the exercise of its power may, in furtherance of justice, subsequently send him there, but he has a right to apply to it for relief wherever within the limits of the State he finds it exercising its functions."

It has been the uniform practice to make applications and motions for the dismissal of indictments before the term or part of the court in which they are found or in which they are pending and it would seem that in the orderly administration of justice such procedure should be followed unless exceptional circumstances exist which would justify intervention of another part of the court. In *People ex rel Newton* v. *Special Term, Part I* (193 App. Div. 463, 471) the court said: " It has been, as contended by the learned counsel for the relator, the uniform practice to make applications and motions for the dismissal of indict-

ments before the term or part of the court in which they are found or to which they have been transferred; and it appears that, with but one exception, that custom has only been departed from in exceptional cases where the part of the court in which the indictments have been found or are pending has directed that they be heard elsewhere, or the district attorney has consented thereto, and those departures were not brought to the attention of the justices of the Appellate Division and no necessity for making a rule on the subject has arisen. Although we deem it quite clear that the jurisdiction in such cases is not confined to the particular part or term of the court in which an indictment is found or has been transferred, we do not wish to be understood as holding that, therefore, it is optional whether to move there or elsewhere, for manifestly if the part or term of the court in which indictments have been found or to which they have been transferred were in session, it would tend to bring the administration of justice into disrepute and would seriously interfere with the orderly administration of judicial work for another part or term of the court to entertain jurisdiction in such cases; but since the Extraordinary Term was not in session it was a matter addressed to the sound discretion of the justice presiding at Special Term, Part I, whether, in view of all the circumstances, including the effect on the defendants of the pendency of the indictments against them for the period during which the part of the court in which the indictments were found would probably be in recess, the motion should be entertained, and over his determination thereon this court has no supervision by appeal or otherwise. The observations we have made after deciding that the Special Term had jurisdiction are only intended to make it clear that it is important that the rules and existing practice should be adhered to, save in an exceptional case where an injustice to an indicted defendant calls for immediate relief, and the part or term of the court in which an indictment has been found is not in session at the time the motion is made, which was the situation in the case at bar.''

This court has carefully examined the petition of the defendants and affidavits submitted in support thereof for the purpose of determining whether any '' exceptional '' circumstances exist which would justify this court to consider and determine the motion to set aside this indictment as to these defendants. It appears that these defendants were arraigned in the Extraordinary Term on June 17, 1949, and were admitted to bail so that they are not being deprived of their liberty pending the

disposition of this application. An examination of the minutes of the Clerk of the Extraordinary Term indicates that on the same date eight other persons named as defendants in the same indictment were arraigned. It appears each of the defendants entered a plea of not guilty and that bail in the amount of $2,500 was fixed by the court as to each defendant. The minutes disclose that the right to make motions was reserved to a later date. The minutes further disclose that on June 17, 1949, several persons other than those aforementioned were arraigned on other indictments and that the court at the conclusion of that day's session recessed to August 1, 1949. It cannot be said that the defendants suffered any great injustice by reason of a delay of one week for the making of this motion. This motion was returnable July 25, 1949. The Extraordinary Term was to reconvene one week later, August 1st. The clerk's minutes show that on August 1st, the Extraordinary Term was reconvened and that motions were made addressed to certain indictments returned by the Grand Jury and that November 14, 1949, was fixed by the court for the trial of the instant indictment and that at the conclusion of the day's session the Extraordinary Term was recessed to August 29, 1949, which is eleven weeks prior to the date set for the trial of the indictment. This is a reasonably early date for argument of this motion before the Extraordinary Term. The clerk's minutes of the Extraordinary Term reveal that forty different persons have been indicted by the Grand Jury. If the defendants named in these various indictments should severally (each would have the same rights as these petitioners) make motions similar to the instant motion, in the various other parts of the court in this district and such other parts of the court should consider and determine such motions, there would result a situation, as stated by Judge LAUGHLIN in the case last cited, which " would tend to bring the administration of justice into disrepute and would seriously interfere with the orderly administration of judicial work ".

There are no exceptional circumstances in connection with this case or these particular defendants which would justify this court, in the exercise of a sound discretion, to determine the instant motion. This motion should be referred to the Extraordinary Term for disposition.

An order may be entered herein remitting the motion of the petitioners to the Extraordinary Special and Trial Term of the Supreme Court of Oneida County to be held on the 29th day of August, 1949.