Walter R. Hart, J.
Petitioners moved at Special Term, Part I to quash, on stated grounds, subpoenas duces tecum calling for the production of certain records before the Justice conducting the judicial inquiry heretofore directed by order of the Appellate Division. Named as respondents to the motion are the Justice and his counsel who have made formal cross motions that the principal motions be referred to that Justice who has been designated to hold an Additional Special Term. All parties consent that the cross motions be first disposed of.
By the mandate of subdivision (a) of rule 12 of the Rules of the Supreme Court, Kings County, as promulgated by the Appellate Division, Second Department, it is provided that “ In Special Term, Part I there shall be heard all litigated or contested motions or applications, except those directed by these rules to be heard in other parts.” No exception is provided for by the rules insofar as they refer to motions which may be disposed of exclusively by the Additional Special Term; nor has the order of the Appellate Division, which created the Additional Special Term, directed that any particular matters be exclusively within the province of the Additional Special Term.
The motions to quash were in the first instance made returnable in the Appellate Division which refused to exercise original jurisdiction and denied the motion without prejudice to petitioners’ rights to apply for relief in the first instance “ to the Supreme Court.” The Appellate Division in the latter order did not direct that the motion be heard at the Additional Special Term. Had that been its intention the court could have readily so provided.
*865 That this court at Special Term, Part I has jurisdiction of the motion to quash is beyond dispute. In People ex rel. Sherman v. Adjourned Special Term (206 App. Div. 799) a motion was made at a Special Term of the Supreme Court for an order granting leave to inspect the minutes of a G-rand Jury convened by an Extraordinary Term of the Supreme Court. The Attorney-General applied for an order prohibiting Special Term from entertaining the motion. The Appellate Division, Second Department, in denying the motion for an order of prohibition, said: “ The Extraordinary Special and Trial Terms of the Supreme Court convened by the Governor of the State are merely additional to those terms of the court already designated to be held under the provisions of the Judiciary article of the Constitution. The Extraordinary Terms created under the Judiciary Law do not exclude the Special and Trial Terms created by the Constitution from exercising jurisdiction already delegated to such terms. (People ex rel. Newton v. Special Term, Part 1,193 App. Div. 463.) The court is of the unanimous opinion that the motion to inspect the minutes of the grand jury could be made at any Special Term in the Ninth Judicial District, or at the Extraordinary Term. The majority of the court is of the opinion that an adjourned Special Term may consider new business first noticed before such adjourned term. (Judiciary Law, §§ 7, 148.) ” See, also, People v. Harris (182 Misc. 787); People v. Prior (183 Misc. 430).
Moreover, as a matter of discretion, it would, in my opinion, be provident to retain these matters for disposition rather than refer them to the Additional Special Term. It is to be noted in the first place that upon the argument of the motions counsel for the respondents to the proceedings to quash the subpoenas conceded that those motions involved questions of law exclusively. There would therefore be no impelling reasons to grant the cross motions to refer. Then, again, the orders to show cause predicated on the affidavits, designate the Justice as an adversary party. Petitioners, to sustain their position, advert to the fact that the order of the Appellate Division which directed the inquiry, in addition to creating the Additional Special Term, provided in effect that the Justice be the inquiring officer by the provision that “ Ordered, that such inquiry and investigation shall be conducted ’ ’ by him and that his counsel was to ‘ ‘ aid the said Justice in the conduct of the special inquiry and in the prosecution of said investigation ”. Petitioners therefore contend that it would be unfair and improper for the Justice presiding at the judicial inquiry to pass upon their application to quash since he is an adversary *866 and cite People ex rel. Todd v. Supreme Court (249 App. Div. 760) and Sharkey v. Thurston (268 N. Y. 123).
Emphasis is also laid by petitioners on the circumstance that the order directs that all “ the facts * * * and all papers relating to this inquiry and investigation * * * shall be sealed and deemed confidential ”. It is contended therefore that the Additional Special Term is not a court within the meaning of section 4 of the Judiciary Law which provides that the “ sittings of every court within this state shall be public, and every citizen may freely attend the same ”. As support for this contention petitioners quote from People ex rel. Karlin v. Culkin (248 N. Y. 465, 479) where the court, in speaking of a similar investigation, stated: “A preliminary inquisition, without adversary parties, neither ending in any decree nor establishing any right, is not a sitting of a court within the fair intendment of section 4 of the Judiciary Law whereby sittings of a court are required to be public. It is a quasi-administrative remedy whereby the court is given information that may move it to other acts thereafter ’ ’. Also cited is Matter of Richardson (247 N. Y. 401, 407).
It is the opinion of this court that justice will be served and the technical objections of petitioners overcome if this court disposes of the principal motions on the merits. Accordingly the cross motions are denied.
Orders signed herewith and filed with transcript of minutes taken at the hearing of the motions.