PEOPLE ex rel. MARTIN, Dist. Atty., v. BRADY, Judge, et al. (No. 7414.)

(Supreme Court, Appellate Division, First Department. June 11, 1915.)

1. CRIMINAL LAW ⬤⟞627½—TRIAL—INSPECTION OF MINUTES OF GRAND JURY —AUTHORITY OF COURT.

　　A justice of the Supreme Court had authority to grant defendant, under indictment, leave to inspect the minutes of the grand jury, for the purpose of moving to dismiss the indictment on the ground that the evidence before the grand jury was insufficient.

　　[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435; Dec. Dig. ⬤⟞627½.]

2. PROHIBITION ⬤⟞10 — JURISDICTION OF JUDGE — EXAMINING MINUTES OF GRAND JURY.

　　Application for prohibition against a judge to prevent his granting leave to a defendant, under indictment, to examine the minutes of a grand jury, cannot be granted, the order not being without, or in excess of, his jurisdiction.

　　[Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 37–56; Dec. Dig. ⬤⟞10.]

Application by the People, on the relation of Francis Martin, District Attorney, to make absolute an alternative writ of prohibition

against John J. Brady, Judge, and others. Application denied, and alternative writ vacated.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Francis Martin, of New York City, in pro. per.

Henry W. Unger, of New York City, for defendant Palmieri.

SCOTT, J. [1, 2] The relator is district attorney of the county of Bronx. The respondent John J. Brady is a justice of the Supreme Court. The respondent Palmieri has been indicted by the grand jury of the county of Bronx upon two indictments, one charging him with subornation of perjury, and the other with conspiracy to obstruct justice. Said Palmieri moved before the respondent John J. Brady, sitting as a justice of the Supreme Court, for leave to inspect the minutes of the grand jury; his avowed purpose being to move to dismiss said indictments upon the ground that the evidence before the grand jury was insufficient to justify the finding of the indictments. Mr. Justice Brady has announced his intention to grant the motion, and the object of the writ now applied for is to restrain him from so doing.

It is clear that this application cannot prevail. The only function of a writ of prohibition is to prevent a court or a judicial officer from acting without jurisdiction, or in excess of its or his jurisdiction. The order which Mr. Justice Brady has announced his intention of making is neither outside of or beyond his jurisdiction. He has the power to make it, if in his judgment a proper case is presented by the applicant for the order. The conditions upon which such an order may properly be made were discussed with some care by this court in Re Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793. It was pointed out there that the motion should never be granted, unless the court was satisfied that it was made in good faith, for the purpose of moving to dismiss the indictment upon one of the grounds upon which such a motion can legally be made. That the court shall be so satisfied is sine qua non to the granting of the motion. But, even if so satisfied, it is not obligatory upon the court to grant the motion, for there may be many cases in which a disclosure of the evidence heard by the grand jury would serve to defeat the ends of justice. The relator insists that this is just such a case; but that is a question which we are not called upon to decide, and upon which we refrain from expressing an opinion. The authority and the responsibility rest upon the respondent, and we have no power to control his action in that regard. The weight and cogency of the reasons urged against the granting of the order are to be determined by the respondent, and doubtless have been presented to and considered by him. If they have not all been so considered, it is open to the relator to seek a reargument of the motion. There is nothing presented, however, to justify our interference.

The application must be denied, and the alternative writ vacated. All concur.