THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* J. EGBERT SEAMAN, Defendant.

Supreme Court, Extraordinary Term, Orange County, July 12, 1940.

*Raymond P. Whearty, Assistant Attorney-General [Edward G. O'Neill of counsel], for the People.*

*Wiggins, Faulkner & Arfmann, for the defendant.*

PERSONIUS, J.   The defendant obtained a writ of habeas corpus alleging that he was subpœnaed, compelled to appear and, without signing a waiver, give testimony before the grand jury which found the indictments against him.   Subsequently he moved for an inspection of the minutes of his testimony before the grand jury to enable him to move to set aside the indictments.   We consider the writ and motion together.

The defendant is charged by indictment number eight with violating section 1868 of the Penal Law by being interested in a contract with the town of Bloomingrove, of which he was then superintendent of highways.

He is charged by indictment number eighteen with violating section 1872 of the Penal Law by presenting to the supervisor for allowance and payment certain fraudulent claims.

He is charged by indictment number nineteen with violating section 887 of the Penal Law by forging or causing to be forged certain checks issued by the supervisor of said town.

On the motion for inspection, the moving papers aver that prior to the finding of said indictments the defendant made a written statement to the prosecuting officials, was compelled to be a witness before the grand jury and did not execute a waiver of immunity. His petition in habeas corpus avers that he was asked concerning the statement which he had previously made and questioned generally relative to the matters referred to in the three indictments. In accordance with the " general practice," we have examined the minutes of the testimony given by the defendant before the grand jury.   (Spellman's Criminal Code, 939.)   This practice has been criticized (*People* v. *Klinger*, 165 Misc. 634, 637), but on the theory that it should not be used to bolster up insufficient moving papers.

The examination of these minutes discloses that the defendant appeared before the grand jury, was fully warned of his rights to refuse to answer and asked to sign a waiver of immunity, which he refused to do.   Before being questioned he was advised that he might refuse to answer whenever he thought his answer would incriminate him.   Then he was questioned concerning the system of presenting and paying claims for highway work, and also concerning the statement which he had previously made and sworn to before one of the prosecuting officials.   He answered without asserting his constitutional privilege.   The statement was thereafter offered and received in evidence before the grand jury.

Under these circumstances, if necessary for the defendant's protection, he should be given an inspection in order to effectively make a motion to dismiss the indictments (*People* v. *Macner*, 171 Misc. 720, 724), unless the defendant by failing to claim his constitutional privilege, after being warned, waived that privilege. (Spellman's Criminal Code, 45.)

This question involves two classes of cases: (1) Those arising under the constitutional provision and section 10 of the Code of Criminal Procedure; and (2) those arising under those provisions, plus certain provisions of the Penal Law, relating to particular crimes which provide, in substance, that a person shall not be excused from testifying upon an investigation as to those crimes, but that he shall not be thereafter prosecuted for any matter concerning which he so testifies. (Penal Law, §§ 381, 584, 996, 1256, etc.) A person who is required to testify concerning any of the offenses to which those sections refer is undoubtedly immune from subsequent indictment concerning the matters as to which he testifies. We find and are referred to no similar statute compelling a person to testify with reference to the offenses for which the defendant is here indicted and giving him immunity from indictment subsequent to the giving of such testimony. It follows that the defendant must rely upon the constitutional provisions and section 10 of the Code of Criminal Procedure.

Does a person who is compelled to appear before a grand jury but who, after being warned, answers questions without claiming his constitutional privilege, waive that privilege? On this question the authorities, even in New York State, are not in accord. (*Siklek* v. *Commonwealth of Virginia*, 133 Va. 789; 112 S. E. 605; 27 A. L. R. 135.) The court said (p. 795): " While before the grand jury * * * he has the option either to claim his privilege or to waive it. If he gives such incriminating testimony voluntarily, his constitutional rights are not thereby violated, for it is a general rule that when a witness has a personal privilege either to testify or to refuse to do so, and he testifies without interposing any objection, he will be deemed to have waived his right and held to have testified voluntarily." (See also, 27 A. L. R. 147 [note].)

Is this the law in New York State? *People* v. *Burke* (72 Misc. 336, 338) seems to so hold. The contrary seems to be held in *People* v. *Singer* (18 Abb. N. C. 96). In other cases a distinction is drawn where a person is subpoenaed before a grand jury as a witness against *others* and where he is so subpoenaed as a witness against *himself*. (*People* v. *Bermel*, 71 Misc. 356, 357; *People* v. *Ferola*, 215 N. Y. 285, 289, 290; *People* v. *Molineux*, 168 id. 264, 331; *People ex rel. Hummel* v. *Davey*, 105 App. Div. 598, 603, 604; *People*

v. *Rauch,* 140 Misc. 691, 692, 693; *United States* v. *Edgerton,* 80 Fed. 374; *People* v. *Luckman,* 164 Misc. 230, 233; *People* v. *Cahill,* 193 N. Y. 232.)  *People* v. *Gillette* (126 App. Div. 665) draws the same distinction in an opinion by two judges.

The rule seems to be established by the weight of authority in New York State that a person's constitutional privilege is violated where he is compelled to appear before a grand jury and testify in an investigation directed against him, and that an indictment thereafter found by that grand jury should be set aside, even though he is warned and fails to claim his constitutional privilege. We do not decide whether this follows where the person is called in a proceeding directed against others.

That the investigation of the grand jury during which the defendant, Mr. Seaman, was subpœnaed and sworn was directed against him and referred to the matters for which he was subsequently indicted, clearly appears.

Holding as we do, that the defendant's constitutional privilege was violated, we direct that the indictments against him be dismissed without further motion.   (Spellman's Criminal Code, 939.) It follows that the writ of habeas corpus should be sustained.   An inspection of the minutes is unnecessary.

Submit order in accordance herewith.