In the Matter of ALBERT W. SCHNEIDER, as District Attorney of Herkimer County, Appellant, against FELIX J. AULISI, Individually and as a Justice of the Supreme Court, et al., Respondents.

Argued May 28, 1954; decided July 14, 1954.

*Albert W. Schneider, District Attorney,* appellant in person. I. The moving affidavits before Mr. Justice AULISI were insufficient as a matter of law to confer any jurisdiction upon him to entertain the motion to inspect the minutes of the Grand Jury or to assume to exercise any discretion thereunder. (*People v. Sweeney,* 213 N. Y. 37; *People v. May,* 158 Misc. 488; *People v. Katzenstein,* 70 Misc. 185; *People v. Hillman,* 246 N. Y. 467; *People v. Hetenyi,* 301 N. Y. 757; *People v. Turkett,* 193 Misc. 799; *People v. Licenziata,* 199 App. Div. 106; *People v. Dally,* 174 Misc. 830; *People v. McCann,* 166 Misc. 269; *People v. Elite Distributing Co.,* 76 Misc. 577; *People v. Berger,* 197 Misc. 915.) II. Mr. Justice AULISI acted without or in excess of his jurisdiction in entertaining the motion to dismiss the indictment after it had been transferred to the Herkimer County Court for disposition. (*People ex rel. Hirschberg v. Supreme Court,* 269 N. Y. 392.) III. Mr. Justice AULISI acted without or in excess of his jurisdiction in ordering a stay of the trial of the indictment against the defendants then pending in the Herkimer County Court. (*People v. Carfano,* 207 App. Div. 866, 238 N. Y. 549; *Edwards v. Shreve,* 83 App. Div. 165.) IV. A motion to inspect the minutes of the Grand Jury of Herkimer County and to dismiss an indictment found by a Herkimer County Supreme Court Grand Jury can be brought only within the judicial district wherein the indictment was found. (*People ex rel. New York Central & H. R. R. R. Co. v. Priest,* 169 N. Y. 432; *People v. Hetenyi,* 277 App. Div. 310, 301 N. Y. 757; *People ex rel. Hirschberg v. Orange Co. Court,* 271 N. Y. 151; *People v. Hovey,* 92 N. Y. 554; *People ex rel. Jerome v. Court of General Sessions,* 185 N. Y. 504; *Matter of Murphy v. Supreme Court,* 294 N. Y. 440.) V. An order of prohibition was the proper remedy. (*Matter of Culver Contr. Corp. v. Humphrey,* 269 N. Y. 26.)

*John T. De Graff* and *Harold E. Blodgett,* respondent in person, for John A. Nicoll and another, respondents. I. The Special Term of the Supreme Court in Montgomery County had jurisdiction to entertain the motion to inspect the Grand Jury minutes. (*People ex rel. Hirschberg* v. *Supreme Court,* 269 N. Y. 392; *People ex rel. New York Central & H. R. R. R. Co.* v. *Priest,* 169 N. Y. 432; *Matter of Steinway,* 159 N. Y. 250; *Matter of Murphy* v. *Supreme Court,* 294 N. Y. 440; *People ex rel. Mayor of City of N. Y.* v. *Nichols,* 79 N. Y. 582; *People* v. *Harris,* 182 Misc. 787, 294 N. Y. 424; *Bell* v. *Niewahner,* 54 App. Div. 530; *Mussen* v. *Ausable Granite Works,* 63 Hun 367; *Getman* v. *Mayor of City of N. Y.,* 66 Hun 236; *People ex rel. Newton* v. *Special Term, Part I,* 193 App. Div. 463; *People* v. *Green,* 201 N. Y. 172; *People* v. *Sweeney,* 213 N. Y. 37; *Matter of Lyons* v. *Goldstein,* 290 N. Y. 19; *Matter of Lyons* v. *Ward,* 272 App. Div. 120, 270 N. Y. 617.) II. The application for an inspection of the minutes was made in good faith. (*People* v. *Marendi,* 213 N. Y. 600; *People* v. *Huter,* 184 N. Y. 237; *People* v. *Spohr.* 206 N. Y. 516; *People* v. *Grieco,* 266 N. Y. 48; *People* v. *Vollmer,* 299 N. Y. 347; *People* v. *Becker,* 215 N. Y. 126; *People* v. *Falletto,* 202 N. Y. 494; *People* v. *Sarzano,* 212 N. Y. 231; *People* v. *Allen,* 300 N. Y. 222; *People* v. *Hetenyi,* 277 App. Div. 310, 301 N. Y. 757.)

FULD, J. This appeal, here by our leave, poses questions concerning the jurisdiction of a justice of the Supreme Court to entertain a motion for inspection of grand jury minutes and for dismissal of the indictment, on the basis of such minutes, after transfer of the indictment for trial from the Supreme Court to a County Court.

John A. Nicoll and Irvan A. Fredericks were indicted by the grand jury of Herkimer County, drawn for a term of the Supreme Court, on charges of manslaughter and assault. By order of the Supreme Court, the indictment was transferred to the County Court of Herkimer County. The defendants pleaded '' not guilty '' in that court, and a date was fixed for trial.

While the action was pending in the Herkimer County Court, the defendants, charging that the indictment rested on illegal

and insufficient evidence, moved, before Justice AULISI in the Supreme Court in Montgomery County, for an inspection of the grand jury minutes, a dismissal of the indictment following such inspection and a stay of the trial in the County Court pending determination of the motion. Herkimer County is situated within the Fifth Judicial District; Montgomery County, adjoining Herkimer, is within the Fourth Judicial District. The district attorney of Herkimer County, appearing in opposition, challenged the jurisdiction of the Supreme Court justice to entertain the motion. The latter overruled the objection and, after hearing argument, directed that a copy of the grand jury minutes be furnished for his examination and stayed the trial pending decision of the motion.

The district attorney thereupon instituted this proceeding in the Appellate Division of the Fourth Department, pursuant to article 78 of the Civil Practice Act, for an order in the nature of prohibition directed to Justice AULISI as well as to the defendants and their attorney. The application was unanimously denied by the Appellate Division.

That transfer to the County Court of an indictment found in the Supreme Court does not deprive that tribunal of jurisdiction to permit an inspection of the grand jury minutes is established by our decision in *People ex rel. Hirschberg* v. *Supreme Ct.* (269 N. Y. 392). As we held in that case, the order removing the indictment to the County Court " did not remove to the County Court the record and minutes of the proceedings of the grand jury previously completed in the Supreme Court ", and the Supreme Court " remains in possession and control of the records of proceedings held there " (269 N. Y., at pp. 395, 396). In point of fact, the County Court was entirely without power in such cases to entertain motions for inspection, until the legislature, some time after the *Hirschberg* decision, granted it concurrent jurisdiction, with the Supreme Court, to hear them. (Code Crim. Pro., § 39, subd. 2-a, as added by L. 1939, ch. 173.)

The issue which we are now called upon to decide, therefore, is whether a motion for inspection addressed to the Supreme Court may be made *only* at a term of that court in the same county in which the indictment was found. Pointing to language in the opinion in the *Hirschberg* case (*supra*, 269 N. Y. 392, 396), that the motion for inspection is properly to be made in " the court

in which the proceedings were had and the testimony was taken '', the district attorney urges that only the Supreme Court in the county or, at least, in the same judicial district in which the indictment was returned, meets that qualification.

Such a contention ignores the fact that the Supreme Court is a single great tribunal of general state-wide jurisdiction, rather than an aggregation of separate courts sitting in the several counties or judicial districts of the state. '' There is,'' we have stated, '' but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state.'' (*People ex rel. New York Central & H. R. R. R. Co.* v. *Priest,* 169 N. Y. 432, 435; see, also, *Mussen* v. *Ausable Granite Works,* 63 Hun 367; *Matter of Avon Dairies* v. *Du Mond,* 280 App. Div. 116, 119.) That unity has been preserved throughout the court's history, as local tribunals of civil and of criminal jurisdiction have been merged with it. (See *People ex rel. Newton* v. *Special Term, Part 1,* 193 App. Div. 463, 469; see, also, 2 Lincoln, Constitutional History of New York, p. 151; 3 *id.,* p. 352.) Justices of the Supreme Court are, indeed, specifically authorized, with certain exceptions not here pertinent, to perform the duties of their office and to hold court in any county. (N. Y. Const., art. VI, § 1; see *People* v. *Herrmann,* 149 N. Y. 190.)

The legislature has in certain situations confined and limited the exercise of jurisdiction by the Supreme Court in criminal matters to particular terms, counties or judicial districts. Limitations of this kind thus regulate the term at which a motion involving a matter pending before an extraordinary term may be made (Judiciary Law, § 149, as amd. by L. 1953, ch. 890); the county in which an indictment is to be tried (Code Crim. Pro., § 355); and the term at which a motion may be made by a defendant for removal of the action from the County Court to the Supreme Court or from the Supreme Court or the County Court to a term of the Supreme Court in another county (Code Crim. Pro., §§ 344, 346). There is, however, no similar restriction, either in constitution or statute, governing motions for inspection of grand jury minutes. The *jurisdiction* of the Supreme Court to hear and determine such an application, though in a county and judicial district other than that in which the indictment was found, may not, therefore, be doubted.

Recognition of the court's jurisdiction, however, is not to be taken as sanctioning the practice of moving for an inspection before a justice of the Supreme Court in a county other than that in which the indictment is pending. Such a practice, if generally adopted — as another court declared in a somewhat comparable situation (*People ex rel. Newton* v. *Special Term, Part 1, supra,* 193 App. Div. 463, 472) — " would tend to bring the administration of justice into disrepute and would seriously interfere with the orderly administration of judicial work ".[1] But, as indicated, there is no want or lack of jurisdiction, and whether such jurisdiction shall be exercised in any particular case is a matter committed to the sound discretion of the court to which the motion is addressed.

We do not consider whether remedy in the nature of prohibition would be available upon a showing of abuse of discretion in entertaining such a motion. We simply observe that the Appellate Division, by analogy to the practice in civil cases (Rules Civ. Prac., rule 63, subd. 1), concluded that there was no such abuse on the part of Justice AULISI, since the motion was made, though in a different judicial district, in a county adjoining that in which the indictment is pending. We find no basis for interfering with that position.

Nor is there basis for the contention — advanced by the district attorney as a further jurisdictional objection — that the affidavits, submitted in support of the motion for inspection, do not set forth sufficient facts to entitle the defendants to that relief. The Supreme Court, having jurisdiction of the parties and of the subject matter of the motion, was likewise authorized to pass upon the sufficiency of the moving papers. This objection relates to the merits of the application, rather than to jurisdiction, and cannot serve as the predicate for an order in the nature of prohibition. (*See Linton* v. *Perry Knitting Co.,* 295 N. Y. 14, 17; *People ex rel. Martin* v. *Brady,* 168 App. Div. 108.)

---

1. The Appellate Division in *Newton* (*supra,* 193 App. Div. 463) was discussing a case where a motion, directed at an indictment found at an Extraordinary Term of the Supreme Court, was actually made at a Special Term of that court in the very same county. Even that practice is no longer permissible, for, in 1953, the legislature amended section 149 of the Judiciary Law to provide expressly that " A motion involving a matter pending before " an extraordinary term may be made only at such term or at a term of the Appellate Division in the department in which the extraordinary term is being held. (L. 1953, ch. 890.)

As already noted, the order, by which the motion was brought on, also calls upon the district attorney to show cause " why said indictment should not be dismissed following such inspection ". Consequently, it is necessary to consider whether the entertaining of that branch of the defendants' motion would involve the Supreme Court justice in action in excess of the jurisdiction vested in him.

While the motion for inspection is but a preliminary step in aid of a motion to dismiss an indictment upon the ground that it is based upon illegal or insufficient evidence, there is a marked distinction between the two motions insofar as jurisdiction is concerned. After an indictment has been removed to the County Court, we wrote in the *Hirschberg* case (*supra,* 269 N. Y. 392, 395), that court " acquired jurisdiction to ' try and determine the indictment ' ", and, we added, " That jurisdiction is complete and includes motions directed to the sufficiency or validity of the indictment and other motions preliminary to the trial." Although the Supreme Court remains in possession and control of the minutes of the grand jury, its power is confined to determining whether it will permit an inspection of them and does not extend to " motions directed to the sufficiency or validity of the indictment " (269 N. Y., at p. 395). In short, after removal, jurisdiction of all proceedings connected with the disposition of the indictment, whether before or after trial, is vested exclusively in the County Court. (See Code Crim. Pro., § 39, subd. 2; *People ex rel. Hirschberg* v. *Supreme Ct., supra,* 269 N. Y. 392, 396; see, also, *Real* v. *People,* 42 N. Y. 270, 278–279.)

To the plaint that such a decision compels proceedings in two separate tribunals — in the Supreme Court for inspection and in the County Court for dismissal — we need but say that such a procedure is not compelled, the choice resting solely with the defendant. As the applicable provision of statute now reads (Code Crim. Pro., § 39, subd. 2-a), a defendant may apply directly to the County Court for the desired inspection of the minutes, with the consequence that both inspection and dismissal may be sought in that court.

The only remaining problem concerns the power of the Supreme Court to stay the trial of the action in the County Court, pending determination of the motion for inspection. While there

is no statutory grant of power to issue such a stay, as there is in other situations (e.g., Code Crim. Pro., § 347), the Supreme Court has inherent power in a proper case to restrain the parties before it from taking action which threatens to defeat or impair its exercise of jurisdiction. (See *Colson* v. *Pelgram,* 259 N. Y. 370, 375–376; *Cushman* v. *Leland,* 93 N. Y. 652, 653–654; *Eric Ry. Co.* v. *Ramsey,* 45 N. Y. 637, 648–649; cf. *Continental Bank* v. *Rock Island Ry.,* 294 U. S. 648, 675–676.) In view of the imminence of trial, the motion for inspection would have been " valueless without a stay." (See, e.g., *People* v. *McLaughlin,* 150 N. Y. 365, 376.) The stay granted below was, therefore, not beyond the court's power to grant.

The order of the Appellate Division should be modified by granting so much of the petition as requests an order in the nature of prohibition with respect to that branch of the motion pending before the Supreme Court which seeks a dismissal of the indictment, and, as so modified, affirmed.

DYE and VAN VOORHIS, JJ. (dissenting). We can all agree that removal of the case for trial from the Supreme Court to the Herkimer County Court did not divest the Supreme Court of its jurisdiction over the Grand Jury minutes (*People ex rel. Hirschberg* v. *Supreme Ct.,* 269 N. Y. 392; *People* v. *Green,* 201 N. Y. 172; Code Crim. Pro., § 39, subd. 2-a) and that Justice AULISI had jurisdiction to entertain the motion (Rules Civ. Prac., rule 63, par. 4). In so doing, Justice AULISI acted within the scope of his jurisdiction and not in excess thereof by overruling the People's objection thereto and ordering that a copy of the Grand Jury minutes be furnished the court " for its examination and that the trial of the defendants  *  *  *  be stayed until this Court shall determine whether said minutes shall be furnished said defendants ".

The Appellate Division in denying this application for an order of prohibition found that Justice AULISI in the exercise of discretion could inspect such minutes (Code Crim. Pro., § 952-t; cf. *People* v. *Sweeney,* 213 N. Y. 37) and that such discretion had not been abused when he stayed the trial to permit inspection, for, as they said, " Otherwise the application would have been of no avail " (*Matter of Lyons* v. *Ward,* 272 App. Div. 120, affd. *sub nom. Matter of Lyons* v. *Fisher,* 297 N. Y.

617). In so holding, the court below declined to assume that Justice Aulisi would direct that the minutes be furnished to defendants and that the indictment would be dismissed. Prohibition, as we know, is an extraordinary remedy and should only be invoked when it is clearly demonstrated that the court will exceed its jurisdiction. There is nothing in this record indicating that Justice Aulisi proposes to exceed his jurisdiction. As a matter of fact, the contrary appears. Justice Aulisi did not entertain a motion to dismiss the indictment as the People would have us believe. His order dealt only with the right of the Supreme Court to inspect and to stay the trial pending such inspection. Accordingly, I would confine our review to a consideration of jurisdiction vis-à-vis the order appealed from (*Matter of Hogan* v. *Court of Special Sessions,* 296 N. Y. 1) which depended in the first instance on the exercise of discretion (*People* v. *Sweeney, supra*). When so viewed, the order denying the District Attorney's application for an order of prohibition should be affirmed.

LEWIS, Ch. J., CONWAY, DESMOND and FROESSEL, JJ., concur with FULD, J.; DYE and VAN VOORHIS, JJ., dissent in an opinion.

Ordered accordingly.