THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS MARSHALL COHN, as District Attorney of Schenectady County, Petitioner, *v.* COUNTY COURT OF SCHENECTADY COUNTY et al., Respondents.

Third Department, December 2, 1960.

*Morris Marshall Cohn, District Attorney,* petitioner in person.

*Louis J. Lefkowitz, Attorney-General (Dunton F. Tynan* of counsel), for Archibald C. Wemple, respondent.

*Gordon, Gordon & Siegel (Arnold M. Gordon* and *Robert Siegel* of counsel), respondents in person, and for Albert E. Moreli, Jr., respondent.

*Louis Lombardi,* respondent in person, and for Frank J. De Masi, respondent.

*Per Curiam.* In this proceeding under article 78 of the Civil Practice Act, petitioner District Attorney seeks an order prohibiting respondents from proceeding further under certain orders of the respondent court which granted separate motions by respondents Moreli and De Masi for inspection of Grand Jury minutes. By joint indictment, Moreli and De Masi were charged with being common gamblers, in violation of section 970 of the Penal Law. This proceeding was heard with the appeals from the orders for inspection (*People* v. *Moreli,* 11 A D 2d 437), decided herewith; and, for purposes of this proceeding, the District Attorney takes the position that the orders are not appealable and, therefore, that relief from such orders, to which he considers himself entitled, cannot be had unless in this proceeding.

As ground for the relief sought, the petition alleges, first, that the orders in question, being granted summarily from the Bench, were made without any inspection by the court of the Grand Jury minutes or any knowledge of their contents or substance. We are not aware of any authority imposing such requirements and none has been called to our attention. It may be noted, nevertheless, that the District Attorney's answering affidavit stated that the court *was* "familiar with * * * the essential nature of the testimony" because it had heard the appeals of certain defendants arrested at the time and place of Moreli's

and De Masi's arrest. Further, upon the argument of the motion the Assistant District Attorney stated to the court that " Similar evidence was produced before the Grand Jury as attached to the answering affidavit "—that evidence consisting of certain photographs; that, " They [the moving defendants] were jointly engaged in this operation. What Moreli said before the Grand Jury is now secret ", following this with the statement that " It is not unusual for one defendant to turn State's evidence ". It is urged by respondents that what the court considered the improper disclosure of, and suggestions as to, evidence tending to support the indictment, became a proper factor in its determination to open all the evidence.

As a further ground, the petition alleges that the moving affidavits were not made by defendants but by their attorneys, but this is not a legal bar to relief. It is further alleged that neither affidavit shows any " good and sufficient reason for the granting of an order of inspection ", and there is other criticism of the affidavits, followed by a reference to their " weight ", which, it is said, " should have been completely dispelled by the answering affidavit " of the District Attorney. Of course, the " weight and cogency " of the proof were for the court (*People ex rel. Martin* v. *Brady,* 168 App. Div. 108, 109) and insufficiency of papers is not a ground for relief in the nature of prohibition (*Matter of Schneider* v. *Aulisi,* 307 N. Y. 376, 382).

The allegations of these stated grounds for relief are followed by the averment that the orders " were made plainly in excess of the Court's jurisdiction, and go beyond its legitimate powers ". It seems clear beyond peradventure that these conclusory statements are in no way supported by the factual allegations hereinbefore outlined. The jurisdiction of the County Court to hear and determine motions of this nature is specifically conferred by statute (Code Crim. Pro., § 39, subd. 2-a; § 952-t). Upon proceeding from that basic premise, we find the *Schneider* case (*supra*) and that of *Martin* (*supra*), which is cited and approved in *Schneider,* decisive of the issue before us. Objections relating to the merits of the application " cannot serve as the predicate for an order in the nature of prohibition " (*Matter of Schneider, supra,* p. 382).

Petitioner relies largely upon *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24) which we find not in point. In that case the defendant had had an inspection of the Grand Jury minutes and thereupon sought to obtain, from the District Attorney's files, inspection of " other evidences not submitted to the grand jury " (p. 27). It is clear that, at that time at least, there was no authority for such an application. The court said: " Nowhere

has there been a suggestion that the jurisdiction can properly be extended to notes or memoranda in the possession of the prosecutor, but inadmissible as evidence either for prosecution or for defense '' (p. 29) and thereupon sustained an order of prohibition.

In the *Schneider* case (p. 382) the court did '' not consider whether remedy in the nature of prohibition would be available upon a showing of abuse of discretion in *entertaining* such a motion ''. (Emphasis supplied.) In this case petitioner's argument goes well beyond the proposition thus left unconsidered and seems to advance the theory that an arbitrary or capricious *determination* of a motion properly *entertained* constitutes an act in excess of jurisdiction and is thus properly the subject of a proceeding for relief in the nature of prohibition. Although this contention seems inconsistent with the theory of prohibition, and appears tenuous at best, we do not pass upon it, as we find, in any event, no arbitrary or illegal action on the part of the County Court.

The District Attorney argues in further support of his petition that if an order granting inspection may not be reviewed by appeal (which is, indeed, our holding in *People* v. *Moreli*, 11 A D 2d 437, *supra*, decided herewith) or be examined in a proceeding of this nature, the result constitutes grave injustice to the People. Despite the modern and more liberal trend toward pretrial disclosures generally, this assertion may well be true, in the abstract, or in a particular criminal case where inspection would serve no purpose other than the fabrication of a defense; but, to state the obvious, we may not assume jurisdiction where none exists and if remedial action is indicated it must be afforded by the Legislature.

The petition should be dismissed, without costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Petition dismissed, without costs.