In the Matter of ARNOLD W. PROSKIN, as District Attorney of Albany County, Petitioner, v. COUNTY COURT OF ALBANY COUNTY et al., Respondents, and RICHARD LETO et al., Intervenors-Respondents.

Third Department, September 9, 1971.

*Arnold W. Proskin, District Attorney,* in person, and *Daniel G. Moriarty* for Arnold W. Proskin, petitioner.

*Kohn, Bookstein & Karp (Richard A. Kohn* of counsel), respondents in person, and for Leo Demeris, respondent.

*Rico & Spada (Eugene R. Spada* of counsel), intervenors-respondents in person, and for Richard Leto and others, intervenors-respondents.

*Per Curiam.* This is a proceeding under CPLR article 78 instituted in the Appellate Division of the Supreme Court in the Third Judicial Department, to prohibit respondents from taking any further proceedings in connection with orders made by the County Court (SCHENCK, J.), which granted motions for inspection of Grand Jury minutes.

Leo Demeris was indicted by the extended April 1970 Term of the Grand Jury of Albany County for the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree, both indictments resulting from the snow removal probe in the City of Albany following the heavy storms in the winter of 1969–1970.

Shortly after these indictments were returned against him, Demeris, through his attorneys Kohn, Bookstein & Karp, Esqs., moved for, among other things, inspection of the Grand Jury minutes upon which the indictments had been found, Demeris' avowed purpose for seeking inspection of the Grand Jury minutes was to enable him to move for a dismissal of the indictments on the grounds that (1) there was not presented to the Grand Jury sufficient legal evidence to warrant the finding of the indictments; (2) impermissible and prejudicial suggestions, innuendos, misrepresentations and expressions of personal belief in the wrongdoing of prospective defendants on the part of the District Attorney unduly and unfairly influenced the Grand Jury to return the indictments; (3) grossly improper contacts and communications with Grand Jurors on the part of the District Attorney were reasonably calculated to and did impair the integrity of the Grand Jury and unduly and unfairly influenced that body to return the indictments; and (4) unauthorized and defective Grand Jury proceedings were conducted in the private home of the District Attorney.

The District Attorney opposed the motion contending, *inter alia,* that the allegations with respect to improper conduct on his part were totally without merit.

By order entered May 7, 1971 the County Court, Albany County (SCHENCK, J.) granted the motion for inspection of the Grand Jury minutes and directed the District Attorney to deliver to the attorneys for Demeris a copy of the entire transcript of the testimony taken before the Grand Jury and to make available for examination, inspection, copying or reproducing all of the exhibits offered or introduced before the Grand Jury. In its decision the court, after reading the transcript of the Grand Jury minutes *in camera,* stated in pertinent part:

" Any defendant charged with a crime under the Penal Law is entitled to know the basis and the theory of the charge against him. None of the indictments herein sufficiently advise the respective defendants as to the nature and basis of the various charges. Furthermore, as has been found in the case of Joseph S. Leto, Jr., it is extremely difficult for a bill of particulars to be drawn so as to provide the defendant with the information to which he is entitled in order to prepare his defense without going into considerable detail involving the Grand Jury testimony. For these and other reasons involving the interest of justice the Court is constrained to grant each defendant seeking such relief a complete examination of the Grand Jury minutes, including all exhibits that were received in evidence before the Grand Jury.

" The granting of this relief is, of course, within the discretion of the court. Over the years, in the majority of cases involving motions for inspection of Grand Jury minutes, this Court has held that the cloak of secrecy covering Grand Jury proceedings should be preserved unless there would be prejudice to a defendant. There clearly would be such prejudice here because, without an inspection of the Grand Jury minutes [Demeris] &ast; &ast; &ast; would not be sufficiently apprised of the nature and basis of the charge against him. &ast; &ast; &ast;

" The defendant Demeris has set forth four purposes for which he contends inspection of the Grand Jury minutes should be granted. It is not necessary to go into these specific items. Following examination of the Grand Jury minutes there is reserved to this &ast; &ast; &ast; [defendant] the right to make appropriate motions. It is sufficient at this point to merely grant the inspection of the entire Grand Jury record. &ast; &ast; &ast;

" The present motion for inspection of the Grand Jury minutes is, therefore, granted without reference to the 4 specified purposes stated in the moving papers."

Within 30 days after the service of the order determining Demeris' motion for inspection of the Grand Jury minutes upon him, the District Attorney served and filed a notice of appeal therefrom. The appeal was dismissed by this court (*People* v. *Demeris*, 37 A D 2d 658) upon motion of the defendant upon the ground that no appeal lies from an order granting an inspection of Grand Jury minutes.

Thereafter the Albany County District Attorney, by order to show cause containing an interim stay, commenced a proceeding pursuant to CPLR article 78 in the nature of prohibition seeking a judgment restraining the Albany County Court and the other parties from executing and enforcing the order granting the inspection of the Grand Jury minutes. Subsequently, upon application, the intervenors were permitted to become parties to the proceeding.

The court entertains the remedy of prohibition sparingly and only under unusual or extraordinary circumstances. Two decisions have been cited to support the contention that the said remedy is not applicable to the present proceeding, both of which together with other cited cases, we find not controlling. (*Matter of Schneider* v. *Aulisi*, 307 N. Y. 376; *People ex rel. Cohn* v. *County Ct. of Schenectady County*, 11 A D 2d 438.)

In *Matter of Schneider* v. *Aulisi* (*supra*) a writ was sought to restrain a Justice of the Supreme Court from exercising jurisdiction aside from the district in which he had been elected. The

writ was dismissed, the court observing that the Supreme Court is a single tribunal of general State-wide jurisdiction, rather than an aggregation of separate courts sitting in judicial districts. "There is but one Supreme Court in the state and the jurisdiction of its justices is coextensive with the state." (*People ex rel. New York Cent. & Hudson Riv. R. R. Co.* v. *Priest,* 169 N. Y. 432, 435.) The order in *Schneider* denying the writ of prohibition was affirmed.

In *People ex rel. Cohn* v. *County Ct. of Schenectady County* (*supra,* p. 441) the proceeding seeking an order of prohibition was dismissed. While this court discussed various aspects of prohibition tangential to the present contention, the proposition respecting an arbitrary or capricious determination of a motion properly entertained was not passed upon as the court found "in any event, no arbitrary or illegal action on the part of the County Court".

As noted hereinabove it does not appear that either the *Cohn* or the *Schneider* case is controlling.

A more recent case, *Lee* v. *County Ct. of Erie County* (27 N Y 2d 432) constitutes the latest authority by the Court of Appeals on the subject of prohibition. At pages 436–437 the court stated: "Although the use of the writ of prohibition has usually been limited to cases where a court acts without jurisdiction (see, e.g., *Matter of Hogan* v. *Culkin,* 18 N Y 2d 330, 335–336; *People ex rel. Lemon* v. *Supreme Ct.,* 245 N. Y. 24; *People ex rel. Safford* v. *Surrogate's Ct.,* 229 N. Y. 495), it is equally true that 'function of the writ * * * [is] not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction.' (*Matter of Hogan* v. *Court of Gen. Sessions,* 296 N. Y. 1, 8; see, also, *People ex rel. Jerome* v. *Court of Gen. Sessions,* 185 N. Y. 504; *Quimbo Appo* v. *People,* 20 N. Y. 531; CPLR 7802, subd. [a].)" In *People ex rel. Lemon* v. *Supreme Ct.* (*supra*), while factually different, the result to be obtained is the same. The late Chief Judge CARDOZO at page 35 stated: "We think a proper case is made for an order of prohibition. The order for an inspection of the documents is not the subject of appeal (Code Crim. Pro., § 518). The People are without a remedy unless its enforcement can be checked." (See, also, *Matter of Hogan* v. *Court of Gen. Sessions, supra,* p. 8; *Matter of Kraemer* v. *County Ct.,* 6 N Y 2d 363.)

The jurisdiction of the County Court was properly invoked, but the question remains as to whether the court exceeded its authorized powers after obtaining jurisdiction. (Cf. *Lee* v.

*County Ct. of Erie County, supra*; *People ex rel. Lemon* v. *Supreme Ct., supra.*)

From the record we conclude that a denial of the inspection of the Grand Jury minutes would have resulted in no prejudice to Demeris and the intervenors and there is no showing upon the present record that a failure of justice would result from such denial. We find that the court, upon the moving papers, improvidently exercised its discretion and, therefore, the determination was arbitrary and capricious.

The respondents moved for permission to inspect the Grand Jury minutes to enable them *to make a motion* for dismissal of certain indictments. The affidavit in support of the motion as to the respondent Leo Demeris was made by one of his retained counsel and sets forth no facts which would reasonably require an inspection of the Grand Jury minutes. There was no showing as to the nature and scope of any investigation made. Part of the affidavit is based upon information and belief and when considered in its entirety the affidavit, at most, is argumentative and suggestive and there are no supporting affidavits. In any event there was no claim that a denial of relief would deny Demeris of a fair opportunity to prepare his defense. The indicted defendants' records were subpoenaed by the Grand Jury and it must be presumed that the defendants were knowledgeable of the contents thereof.

The decision of the trial court expressly notes that the Judge considered none of the allegations of the movants before him as to the invalidity of the Grand Jury proceedings and/or the evidence before the Grand Jury and states that the court was granting the motion to inspect solely for the purpose of aiding the respondents in the preparation of their defense. The record establishes, however, that the movants did not attempt to specify that they were seeking to aid their defense and that the motion was not for such purpose. In fact, Demeris never moved for a bill of particulars nor did he claim that the indictments did not sufficiently advise him of the nature and basis of the various charges. In any event, the moving papers did not demonstrate that there was any evidence before the Grand Jury which should be the subject of discovery.

There are no present appellate court decisions in this State which permit an inspection of the Grand Jury minutes for general discovery purposes. There are lower court decisions to the contrary. In *People* v. *Browne* (184 Misc. 764, 768) the court stated: " It has long been the law that an inspection of the Grand Jury minutes will not be granted to enable the defendant

to prepare for trial. (*Matter of Baldwin*, 65 Misc. 153; *People* v. *Steinhardt*, 47 Misc. 252.) We believe that this is still the rule in the absence of some peculiar or unusual circumstances warranting such inspection.'' (See, also, *People* v. *Yerkes*, 19 Misc 2d 890.)

The trial court exceeded its authorized powers when it permitted an inspection of the Grand Jury minutes for general discovery purposes. (See *People ex rel. Lemon* v. *Supreme Ct.*, *supra*.)

Furthermore, we consider that the trial court exceeded its authorized powers insofar as its order was for the purpose of granting relief entirely without the scope of the motion before it. (See *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26, 39; *Lee* v. *County Ct. of Erie County, supra*, p. 437.)

Assuming *arguendo* that in the present instance there is an avenue of doubt that the County Court did not exceed its authority but committed legal error — from which there is no appeal — this court is of the opinion that to deny the remedy sought and thus affirm the order permitting an inspection of the Grand Jury minutes — to enable the defendant to prepare his defense — is so prejudicial to the rights of the People of the State of New York as to not only sanction but to require this court's intervention. In granting the writ of prohibition this court places reliance upon the language in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) where, at page 22, the court stated: `` ' The writ of prohibition is an extraordinary remedy for unusual cases, resorted to, not to correct errors, but in aid of substantial justice and to forbid the exercise of unauthorized power ' (*People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463, 468) ''. The precedents establish that the granting or denial of a writ of prohibition is essentially an *ad hoc* determination in each case.

There is an additional and further reason for our action. The County Court filed a return in the prohibition proceeding and in its affidavit referred to certain pages of the Grand Jury minutes, and as a part of the said return delivered to this court the said Grand Jury minutes. While ordinarily in a prohibition proceeding the court is not concerned with the merits (*Matter of Hogan* v. *Court of Gen. Sessions, supra*, p. 5) under the present unusual and, perhaps, extraordinary circumstances and conditions, this court has examined and reviewed the said minutes. It would be derelict of its duties to do otherwise. The County Court elected to grant permission to inspect, not for the reasons set forth in the notice of motions, but premised upon the '' interest of justice '' as a sequela of its reading of the Grand

Jury minutes. The result of our inspection is that this court determines that the County Court was in error in making an order granting inspection. There is no basis in law or in fact for an inspection of the said minutes premised upon any of the four grounds set forth in the notice of motion made by the attorneys for the respondent. There is no basis in law or in fact for an inspection of the said minutes based on the reasons set forth in the County Court's opinion dated May 3, 1971, and it would, therefore, be prejudicial to the rights of the People of the State of New York to allow such inspection, and the actions of the County Court cannot be sanctioned.

The Criminal Procedure Law, effective September 1, 1971, applies, of course, to pending proceedings and all proceedings thereafter commenced.

The petition should be granted, without costs, and the respondents and the intervenors are directed to desist from further proceedings designed to enforce the orders of the County Court of the County of Albany compelling the inspection of the Grand Jury minutes.

SIMONS, J. (concurring). The petition should be granted, but for the sole reason that the court exceeded its jurisdiction by ordering the entire Grand Jury minutes delivered to defendants for general discovery purposes. I do not agree, as the majority suggests, that collateral review of a discretionary, nonappealable order of the trial court may be had by prohibition on the grounds that the trial court's decision was arbitrary or capricious.

The narrow question presented is whether the Grand Jury minutes were available to the defendants. It seems to me that it was an extraordinary interference with the operation of the Grand Jury and the District Attorney to allow discovery by defendants of the entire Grand Jury record in this continuing investigation so that they might prepare their defense. Inspection of the Grand Jury minutes cannot be had by a defendant to assist him in preparing his trial defense (*People ex rel. Lemon* v. *Supreme Court,* 245 N. Y. 24) even if a motion had been made by defendants seeking it on that basis. The court's power to order examination of the Grand Jury minutes rests upon a good faith motion by a defendant made on proper grounds for the purpose of preparing a motion to dismiss the indictment. After examining the minutes, the Trial Judge declined to make such a finding here. Implicit in that decision is a recognition that the indictments were not subject to dismissal. Under those circumstances the granting of inspection was not an abuse of discretion, it was an act in excess of the court's power. (*Matter*

*of Montgomery,* 126 App. Div. 72, 82, app. dsmd. 193 N. Y. 659; *People ex rel. Martin* v. *Brady,* 168 App. Div. 108.)

The evidence before the Grand Jury serves the limited purpose of supporting the charges of the indictment. If a motion to dismiss is contemplated, then in the exercise of discretion the minutes may be inspected. The practice has varied in the past and the minutes sometimes were delivered to the defendant for this purpose. The new Criminal Procedure Law contains express provisions on discovery said to be expositive of the prior law. It allows discovery only of the defendant's own Grand Jury testimony. (CPL 240.20, subd. 1, par. [a], *et seq.*) When a motion to inspect is made in connection with a motion to dismiss, the minutes are inspected by the court, not the defendants. (CPL 210.30.) Even when a motion to dismiss is made the court is expressly restricted in the use of the minutes. The motion to inspect Grand Jury minutes is entirely different from discovery in civil cases, from a pretrial motion to examine autopsy or medical reports before trial to prepare a defense requiring technical evidence (cf. *Matter of Silver* v. *Sobel,* 7 A D 2d 728, mot. for lv. to app. den. 5 N Y 2d 710), or from the right of a defendant to discover inconsistent prior statements of a witness at the time of trial (cf. *People* v. *Rosario,* 9 N Y 2d 286).

Since the trial court has afforded defendants relief it was powerless to grant, I concur that petitioner is here entitled to the extraordinary remedy of prohibition.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur in *Per Curiam* opinion; SIMONS, J., concurs in a separate opinion.

Petition granted, without costs, and respondents and intervenors are directed to desist from further proceedings designed to enforce the orders of the County Court of the County of Albany compelling the inspection of the Grand Jury minutes.