Scileppi, J. (dissenting).
By its action today, the majority of this court, culling authority from our recent decision in Matter of Lee v. County Ct. of Erie County (27 N Y 2d 432), sanc *22 tions yet further delays in the orderly administration of criminal justice.
The order for a writ of prohibition is provided for by CPLR article 78 and represents a codification of the common law as to its natural function and the facts governing its issuance (Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26). The remedy is an extraordinary one which lies within sound discretion of the court; its office being to restrain subordinate courts from exceeding their jurisdiction: “ ‘ not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction ’ ” in the first instance (Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432, 436, supra; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 8; see, also, People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24; People ex rel. Jerome v. Court of Gen. Sessions, 185 N. Y. 504; Quimbo Appo v. People, 20 N. Y. 531; CPLR 7802, subd. [a]). The writ does not issue where the grievance can be redressed by ordinary proceedings at law or merely to prevent error which is readily corrected on appeal (People ex rel. Mayor v. Nichols, 79 N. Y. 582; People ex rel. Hummel v. Trial Term, 184 N. Y. 30), and is not available ordinarily as a method of premature appeal. Where, however; the grievance is that the court is about to exceed its powers and the propriety of that action, with its attendant harm, cannot adequately be redressed on appeal, the writ, as the more effective remedy, will lie if it is established that the court is about to act without jurisdiction or in excess of its authorized powers, and though the error may eventually be corrected on appeal (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 8-9, supra; People v. Gersewitz, 294 N. Y. 163; People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 35, supra; cf. People ex rel. Jerome v. Court of Gen. Sessions, 185 N. Y. 504, 506, supra; People ex rel, Hummel v. Trial Term, 184 N. Y. 30, supra).
The jurisdiction of a County Court to hear and determine motions for inspection of Grand Jury minutes in a criminal prosecution is specifically conferred by section 39 of the Code of Criminal Procedure (People ex rel. Cohn v. County Ct. of Schenectady County, 11 A D 2d 438). Typically, the motion is two-pronged and consists of a request (a) to inspect the Grand *23 Jury minutes, or (b) to dismiss the indictment upon the ground of insufficient evidence. Though often coupled, the former is designed to provide counsel with the inspection, while the latter contemplates the legal question of evidentiary sufficiency, an issue for the court (People v. Howell, 3 A D 2d 153, 155-156, affd. 3 N Y 2d 672). To be sure, both formerly lacked precise statutory basis and were founded instead upon case law which failed to clearly prescribe the procedure to be followed. More often than not, individual Trial Judges adopted varying procedures; some automatically granting the motion to inspect or disregarding it as superfluous (People v. Sweeney, 213 N. Y. 37, 42; People v. Schifter, 34 A D 2d 561; People v. “John Doe ”, 47 Misc 2d 975; People v. Teetsel, 12 Misc 2d 835; People v. Seaman, 174 Misc. 792), while others required a showing on the motion to inspect of some reason to believe that the evidence before the Grand Jury was illegal or insufficient and in the absence of such a showing flatly denying both motions (People v. Howell, 3 N Y 2d 672, 674, affg. 3 A D 2d 153, supra; People v. Sweeney, 213 N. Y. 37, 42, supra; People v. Schifter, 34 A D 2d 561, supra; People ex rel. Martin v. Brady, 168 App. Div. 108; People v. “ John Doe ”, 47 Misc 2d 975, supra; People v. Teetsel, 12 Misc 2d 835, supra; People v. Seaman, 174 Misc. 792, supra). The second procedure was prescribed by this court in People v. Howell (3 N Y 2d 672, 674, affg. 3 A D 2d 153, supra) and has found codification in section 210.30 of the new Criminal Procedure Law.[1]
The reason for both the coupling of the motions and the new statutory requirement that all motions to dismiss an indictment on the basis of legal insufficiency be preceded or accompanied by a motion to inspect has its origins in the common-law aversion to pretrial discovery procedures. Prior to statutory authorization, common-law courts lacked the power, even in civil cases, to order inspection of documents in advance of trial, unless the document to be examined was the very subject of the *24 suit (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 28, supra, citing McQuigan v. Delaware, L. & W. R. R. Co., 129 N. Y. 50, 55). Over the years, and for the purpose of relieving obvious defects, the remedy of discovery and inspection was framed, first by courts of equity and then by statute[2] (People v. Glen, 173 N. Y. 395). Nevertheless, the refusal to sanction pretrial discovery devices, especially in criminal cases, has found continued expression in later decisions of this court.
By decisional law in this State, courts were found to be possessed, in their sound discretion (Matter of Schneider v. Aulisi, 307 N. Y. 376, 382), of an inherent jurisdiction to permit an inspection of the minutes of the Grand Jury returning an indictment (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 31, supra; see, also, People v. Sexton, 187 N. Y. 495, 510-511). The power, however, to compel disclosure of Grand Jury deliberations was carefully defined and limited solely to laying the basis for a subsequent or contemporaneous motion to dismiss the indictment where there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, 31, supra; People ex rel. Martin v. Brady, 168 App. Div. 108, supra; Matter of Montgomery, 126 App. Div. 72, 82); and cannot be had for the purpose of putting the People’s testimony in the hands of the defendant; or for the purpose of assisting him in preparation for trial (Matter of Montgomery, 126 App. Div. 72, 82, supra; Matter of Baldwin, 65 Misc. 153; People v. Steinhardt, 47 Misc. 252).
Nor are these standards to be lightly brushed aside. The Grand Jury is deeply imbedded in our system of criminal jurisprudence and the secrecy of its deliberations, though not absolute (People v. Di Napoli, 27 N Y 2d 229, 235; Code Crim. Pro., § 952-t; Judiciary Law, § 321, eff. Sept. 1, 1971), has always been regarded as essential (see, e.g., People v. Di Napoli, 27 N Y 2d 229, 234, supra; People ex rel. Hirschberg v. Board of Supervisors, 251 N. Y. 156, 165; see, also, 8 Wigmore, Evidence [McNaughton Rev., 1961], §§ 2360-2362). Yet, it is equally *25 fundamental that, in this State, no person may be held or tried upon a charge of felony except on indictment of a Grand Jury (N. Y. Const., art. I, § 6), and an indictment must be based upon evidence which, if unexplained or uncontradicted, would warrant a conviction by a petit jury (Code Grim. Pro., § 258; see, also, GPL 210.20, subd. 1, par. [b]). Accordingly, in considering the competing interests involved, the need for secrecy versus the constitutional prohibition against restraining an individual on less than sufficient evidence, the courts have struck the balance in favor of the accused and have permitted motions directed against the indictment, and as a necessary concomitant thereto, motions to inspect (People v. Glen, 173 N. Y. 395, supra; People v. Sexton, 187 N. Y. 495, 511-512, supra; People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24, supra; People ex rel. Hirschberg v. Supreme Ct., 269 N. Y. 392, 395; see, also, Code Crim. Pro., § 313; CPL 210.20, subd. 1, par. [b]; 210.30).
In support of the motion to inspect, respondent Leo Demeris has alleged evidentiary insufficiency, improper communications and contacts with the Grand Jury and unauthorized proceedings. The improprieties and unauthorized proceedings are said to have arisen out of the District Attorney’s relations with the Grand Jury, during the pendency of proceedings before that body and are unlimited as to scope and time. Specifically, the affidavit alleges that “ [t]he District Attorney entertained the Grand Jurors, provided them with alcoholic beverages, curried favor with the Grand Jurors, and engaged in communications with them in his private home”. True the affidavits, purportedly based upon information and belief, fail to set forth the sources of the information and the grounds for belief (cf. GPL 210.30, subd. 2), yet, in answering these charges, the District Attorney has never specifically denied that the Grand Jury was present at his home. He merely maintains, and somewhat equivocally at that, ‘[1] That each and every allegation * * * which states or implies that deponent acted improperly or in a manner which * * * influenced the Grand Jury, or * * * in any way did * * * act prejudicial to the rights of this or any other defendant in this investigation is erroneous, improper, and totally without merit ’ ’. The affidavit is said to speak for itself; and since it does not dispel serious questions as to the *26 integrity of the proceedings before the Grand Jury, the Appellates Division’s conclusion that the affidavit in support of the motion to inspect fails to set forth facts which would justify the belief that the evidence before the Grand Jury is insufficient or illegal, appears suspect. It seems at least arguable, therefore, that in granting the motion to inspect the trial court proceeded within its sound discretion.
Moreover, even were we to conclude that the affidavit fails to set forth facts which would reasonably justify the belief that the evidence before the Grand Jury was insufficient or illegal, or for that matter, that the use of a short-form indictment itself does not require production of the minutes, the question still remains as to whether the court’s action, in the absence of a proper factual basis, was in excess of its authorized powers. The Appellate Division concluded that it was. Prior decisions in this State would suggest that the sufficiency of supporting papers relate, ultimately, not to the issue of the court’s authority, but, instead to the merits of the application before it (see Matter of Schneider v. Aulisi, 307 N. Y. 376, 382, supra).
Sustaining the writ, the Appellate Division concluded that the trial court’s action, in the absence of facts reasonably requiring an inspection of the minutes, constituted an abuse of discretion. While it is true that this court has yet to consider whether the prohibition would be available upon such a showing in entertaining the motion, we have held, in explicit terms, that the writ does not lie merely upon a showing that the affidavits submitted in support of the motion for inspection do not set forth sufficient facts to entitle the movant to the requested relief. Clearly, the court, “having jurisdiction of the parties and of the subject matter of the motion, was likewise authorized to pass upon the sufficiency of the moving papers. This objection relates to the merits of the application, rather than to jurisdiction, and cannot serve as the predicate for an order in the nature of prohibition. (See Linton v. Perry Knitting Co., 295 N. Y. 14,17; People ex rel. Martin v. Brady, 168 App. Div. 108.) ” (Matter of Schneider v. Aulisi, 307 N. Y. 376, 382, supra).
To the same effect is People ex rel. Cohn v. County Ct. of Schenectady County (11 A D 2d 438, supra) where in a proceeding in the nature of prohibition the Schenectady County District Attorney sought to prohibit the respondents from proceeding *27 further under certain orders of the County Court which had granted separate motions for inspection. Relying on our earlier decision in Matter of Schneider v. Aulisi (307 N. Y. 376, 382, supra), the court held that insufficiency of papers is not a ground for relief by way of prohibition, as such objections relate ultimately to the merits of the application and not to the court’s power to entertain the application (Code Crim. Pro., § 39, subd. 2-a; § 952-t; People ex rel. Cohn v. County Ct. of Schenectady County, 11 A D 2d 438, 440, supra).
Nevertheless, we are admonished that quite apart from the question of a proper evidentiary showing, the trial court, because of the reasons it assigned to its action, lacked even the semblance of authority to proceed as it did. The court, it is said, did not merely proceed in the absence of a proper showing but is alleged to have expressly forsaken the only legal basis for which such relief could be awarded, preferring instead to grant the application for reasons of general discovery; thus, ‘ ‘ the court lacks authority because it lacks grounds to permit inspection The distinction, obviously valid in concept, proceeds upon the assumption that the trial court, though presented with allegations of legal insufficiency and improper conduct, had concluded that the indictments were not subject to dismissal for any of the grounds upon which such a motion can be made. The assumption is unwarranted since, in granting inspection, the trial court did no more than merely dispose of the matter at hand, expressly reserving decision on the question of evidentiary sufficiency for a subsequent motion to dismiss. Consequently, despite the reasons sought to be assigned to its action, the only inference to be drawn is that the court did, in fact, have reason to believe that the evidence before the Grand Jury was insufficient in law.
Nor is it of any moment that the inspection was not limited to pages or sections of the minutes relating to the Demeris indictment. The alleged impropriety must be deemed to have infected all of the proceedings before the Grand Jury, casting serious doubt as to the evidentiary sufficiency of each separate indictment handed up (cf. Burkholder v. State, 491 P. 2d 754; 10 Crim. L. Rep. 2205 [Sup. Ct., Alaska, Nov. 30, 1971]). The right of inspection granted is thus coextensive with the scope of the alleged impropriety and cannot as suggested amount to á wholesale discovery device.
*28 In sum, therefore, it seems clear that the County Court in granting the motion to inspect acted well within its judicial power and absent an evidentiary showing of a clear abuse of jurisdiction, the order issuing the writ should be reversed and the petition dismissed.

. Section 210.30 of the Criminal Procedure Law (eff. Sept. 1, 1971) expressly resolves this conflict by requiring that a motion to inspect Grand Jury minutes be preceded or accompanied by a motion to dismiss the indictment and by defining the motion to inspect as a request that the court examine the minutes (CPL 210.30, subd. 1; see, also, CPL art. 240).

. Under section 952-t of the Code of Criminal Procedure, a copy of the minutes was to be furnished to “ any * * * person * * * upon the written order of the court ” (see Judiciary Law, § 321, eff. Sept. 1,1971).