OPINION OF THE COURT
P. Raymond Sirignano, J.
This is an application by the defendant, pursuant to CPL 440.10 (subd 1, pars [b], [c], [f], [g], [h]) in the nature of coram nobis, to vacate the judgment of conviction entered herein against him on March 23, 1970, for the crime of murder in the first degree or, in the alternative, for a hearing to determine whether such judgment should be vacated on the ground that the defendant was deprived of his constitutional right to a fair trial and due process of law, "by the trial prosecutor’s use of *565 perjured testimony, manipulation, fabrication and suppression of material evidence and intimidation of witnesses favorable to the defense”.
The application was made returnable in Suffolk County but was referred to the undersigned who acted as the Trial Justice in this case in Westchester County.
The essential facts are as follows: The defendant was charged under a Suffolk County indictment with the crime of murder in the first degree. The Appellate Division, Second Department, upon the application of defendant, transferred the indictment to the Supreme Court in and for Westchester County for purposes of trial. The defendant, after trial, was found guilty of murder in the first degree and was sentenced to life imprisonment. The judgment of conviction was affirmed by the Appellate Division, Second Department, without opinion on December 20, 1971 (People v Klein, 38 AD2d 689). On a later appeal, the Court of Appeals affirmed the conviction without opinion on February 14, 1973 (People v Klein, 31 NY2d 1027). The defendant subsequently unsuccessfully petitioned the Federal court for habeas corpus relief. He claims that the issues now raised on this application were not raised on the direct appeals nor in the habeas corpus proceedings, since the present issues only recently came to light.
In support of this motion, the defendant claims that the judgment of conviction was obtained by the trial prosecutor’s use of perjured testimony and by the suppression, manipulation and fabrication of material evidence and the intimidation of witnesses favorable to the defense. He also submits the affidavits of four individuals who in substance state that they would have testified on the defendant’s behalf had they not been intimidated by the prosecutor.
The People oppose the motion, claiming (1) that the motion which was made returnable in Suffolk County was made in the improper forum, since the judgment which the defendant is seeking to vacate "arises out of the Supreme Court of Westchester County”, not Suffolk County; and (2) that the defendant has failed to make a sufficient showing which would warrant the granting of the relief sought.
The court, from the papers submitted, concludes that the application should be granted to the extent that a hearing be held to determine the issues raised.
Although the trial of the indictment took place in Westchester County, pursuant to the order of the Appellate Division, *566 Second Department, that order was made at the request of the defendant who sought a change of venue for purposes of trial, upon the ground that adverse publicity prevented the obtaining of an impartial jury and a fair trial in Suffolk County. Those same conditions do not exist at this time.
The judgment of conviction herein was entered in the Supreme Court of the State of New York. The Supreme Court being a court of State-wide jurisdiction rather than an aggregation of separate courts (Matter of Schneider v Aulisi, 307 NY 376, 381), the appropriate venue for a hearing of this nature would be in the county of the indictment, rather than the county to which the case was transferred for the purpose of trial.
Accordingly, the hearing is directed to be held at a Criminal Term of the Supreme Court in and for Suffolk County to which the hearing is respectfully referred, at a time and date to be fixed by the Justice there presiding.
As a further reason for holding the hearing in Suffolk County the indictment, which was the basis of the trial of the defendant, was returned by a Suffolk County Grand Jury based upon an investigation made by the Suffolk County Police Department. This indictment was prosecuted by the District Attorney of Suffolk County. All of the records and files in connection with this matter are in Suffolk County and it appears from affidavits submitted in connection with this application by both the People and the defendant that the persons whose testimony will be required at the hearing reside in either Suffolk or Nassau Counties.